# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 1, 2011

Lyle W. Cayce
Clerk

No. 10-50501
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TERRY LEE KELLUM, also known as Terry Kellum,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:09-CR-191-5

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Terry Lee Kellum appeals his conviction following his guilty plea to conspiracy with intent to distribute at least 500 grams of methamphetamine and conspiracy to commit money laundering. Kellum argues that the district court plainly erred in failing to advise him during the rearraignment proceeding of the possibility of a forfeiture money judgment being entered against him. He contends that if he had known that his plea could be used to substantiate the

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

forfeiture judgment, he may not have entered the plea.  He asserts that his substantial rights were violated and that his plea of guilty should be set aside.

In evaluating whether an alleged Rule 11 error affects a defendant's substantial rights, this court looks to whether there exists a "reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004).  In making this assessment, the reviewing court looks to the entire record, not to the plea proceedings alone. *United States v. Vonn*, 535 U.S. 55, 74-75 (2002).

A review of the entire record shows that prior to the entry of his guilty plea, Kellum had received notice in his indictment that the forfeiture judgment was being sought and had stipulated to the facts necessary to support the judgment.  In light of this knowledge, there is not a reasonable probability that Kellum would not have entered the guilty plea if the district court had advised him of the possibility of the forfeiture judgment.  Kellum also failed to raise any objection when the Government moved for the money judgment of forfeiture and did not object to the statement contained in the presentence report (PSR) concerning the mandatory forfeiture. Nor did he make an objection when the Government moved to have the money judgment incorporated in the written judgment of conviction and sentence.

The record reflects that Kellum had knowledge of the forfeiture proceedings prior to his plea and, therefore, he cannot demonstrate that the district court's failure to specifically mention the forfeiture at his rearraignment hearing had an effect on his decision to plead guilty.  His failure to file any challenges to the Government's subsequent motion for a money judgment and to the PSR indicates his concession to the forfeiture action.  In the absence of a showing that the omission affected his substantial rights, Kellum has failed to demonstrate plain error, and the judgment is AFFIRMED.